# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 04-80375-CIV-MIDDLEBROOKS/JOHNSON

In re SPEAR & JACKSON SECURITIES

LITIGATION

_____/

This Document Relates To:                    **CLASS ACTION**

ALL ACTIONS

_____/

# FINAL JUDGMENT, FINAL JUDGMENT OF FEES AND EXPENSES, AND ORDER OF DISMISSAL

This cause is before the Court on the following motions: (1) Lead Plaintiffs'
Motion for Final Approval of Class Action Settlement and Plan of Allocation (D.E.
#142); and, (2) Lead Counsel's Joint Motion for Attorney's Fees and Reimbursement
of Expenses (D.E. #143).  This above-captioned case was  referred to this Court by

1

the Honorable Donald M. Middlebrooks, United States District Judge for the Southern District of Florida, after the parties consented to trial before the undersigned United States Magistrate Judge. In view of said consent, the above-stated motions shall be disposed of by order rather than by report and recommendation.

The matters came before the Court for hearing pursuant to the Court's January 31, 2007 Order Preliminarily Approving Settlement and Providing for Notice and Setting Class Action Statutory Settlement Hearing (the "Preliminary Order"), on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement dated as of November 9, 2006 (the "Stipulation"). Due and adequate notice complying with Federal Rule of Civil Procedure 23 and the requirements of due process having been given to the Settlement Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including the Lead Plaintiffs, all Members of the Settlement Class, and Defendants.

3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of this Settlement, this Court has previously certified a Settlement Class of all Persons who purchased the common stock of Spear & Jackson between February 1, 2002 through and including April 15, 2004, excluding the Defendants and members of their immediate families, any entity in which a Defendant has a controlling interest, and the legal representatives, heirs, successors, or assigns of any such excluded party.  Also excluded from the Settlement Class are those Persons who submitted a valid request to be excluded from the Settlement Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action.

4.     Pursuant to the Preliminary Order, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") was mailed to 5,910 potential Settlement Class Members or their nominees commencing on February 13, 2007. Also, in accordance with the Preliminary Order, notice was published once in the Investor's Business Daily on February 22, 2007.  The Notice contained a detailed description of the nature and procedural history of the Action, as well as the material terms of the Settlement, including: (I) an estimate of the per share recovery; (ii) the manner in which the Settlement Fund will be allocated among participating Settlement Class Members; (iii) a description of the claims that will be released in the Settlement; (iv) a description of the application for attorneys' fees and reimbursement of expenses; (v) the right and mechanism for Settlement Class Members to opt-out or exclude themselves from the Settlement Class; and (vi) the

3

right and mechanism for Settlement Class Members to object to the Settlement, the Plan of Allocation, or the application for attorneys' fees and reimbursement of expenses. No Settlement Class Member has objected to the Settlement, nor has any Settlement Class Member requested to be excluded from the Settlement Class.

5.     The Notice of Pendency and Proposed Settlement of Class Action given to the Settlement Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Settlement Class who could be identified through reasonable effort. Said Notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such Notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

6.     The authority to grant or deny approval of a proposed settlement lies within the sound discretion of the court. *U.S. Oil & Gas Litig.*, 967 F.2d 489, 493 (11th Cir. 1992). When analyzing a proposed settlement, the Court is required to make a threshold two-part determination: (I) whether there was fraud or collusion in the making of the settlement, and (ii) whether the proposed settlement is "fair, adequate and reasonable." *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977)). Courts in the Eleventh Circuit have articulated the following six factors for consideration in deciding whether to approve a proposed settlement of a class action:

4

> (1) the plaintiffs' likelihood of success at trial; (2) the range of
> possible recovery; (3) the point on or below the range of possible
> recovery at which a settlement is fair, adequate, and reasonable;
> (4) the complexity, expense, and duration of litigation; (5) the
> substance and amount of opposition to the settlement; and (6)
> the stage of proceedings at which the settlement was achieved.

*Bennett*, 737 F.2d at 986.

7.    The Court concludes that the Settlement satisfies the *Bennett* factors
and approval of the Settlement as being fair, adequate, and reasonable is
appropriate.

8.    Plaintiffs' likelihood of success at trial was far from certain in the face
of a vigorous defense by Defendants Spear & Jackson and Dennis Crowley.
Moreover, by Plaintiffs own account, the maximum recoverable damages associated
with the securities fraud alleged was approximately $10 million.  The Settlement
provides for payment by Defendants of $775,000 in cash.  When combined with
Defendants' earlier settlement with the U.S. Securities and Exchange Commission
("SEC") for approximately $7 million,[1] the Settlement represents a guaranteed
recovery for the Settlement Class of nearly 70% of the maximum recoverable
damages.

9.    Courts in this Circuit have long held that the complexity, expense and
likely duration of litigation in a complex securities class action weigh in favor of

---

[1] *SEC v. Dennis Crowley, et al.*, Case No. 04-80354-CIV-MIDDLEBROOKS/JOHNSON ("SEC Action").

5

approving a class action settlement. *Ressler v. Jacobson*, 822 F.Supp. 1551, 1553 (M.D. Fla. 1992) (finding this factor supported the settlement and acknowledging that the area of federal securities law is "a very difficult area of practice"); s*ee also Krangel v. Golden Rule Resources, Inc.*, 194 F.R.D. 501, 507 (E.D. Pa. 2000) (noting that "securities class actions are inherently complex").

10.     Here, Lead Plaintiffs' claims involve numerous complex legal and financial issues as well as complicated accounting treatments. Lead Plaintiffs anticipated conducting voluminous paper discovery, as well as numerous depositions. Extensive expert discovery would have also been necessary, requiring each side to obtain accounting and damage experts. In an action of this complexity, discovery alone would be time consuming and expensive and the additional delay through trial, post-trial motions and the appellate process could deny the Settlement Class any recovery for years. Here, where the Settlement Fund, combined with the settlement proceeds obtained in the SEC Action, provides a recovery of a substantial percentage of the estimated maximum damages recoverable, avoiding these unnecessary risks, as well as the expenditure of time and resources, clearly benefits the Settlement Class.

11.     Accordingly, pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, just, reasonable and adequate to the Settlement Class and each Member of the Settlement Class. Accordingly, the Settlement

6

embodied in the Stipulation shall be consummated in accordance with the terms and provisions of the Stipulation.

12.    The Court also finds that the Plan of Allocation is fair, reasonable and adequate. It is worth noting that the Court previously approved an identical plan of allocation in the SEC Action in an Order dated September 14, 2006.

13.    Plaintiffs seek an award of attorneys fees in the amount of 30% of the Gross Settlement Fund, or $232,500.00, plus reimbursement of expenses paid on behalf of the Class in the amount of $41,039.35.

14.    When determining the appropriate amount of attorneys fees to award, the Court is guided by the factors set forth in *Camden I Condominium Ass'n*, 946 F. 2d 768, 775 (11thCir. 1991). There, the court held that the factors that may be considered by District Courts in assessing what fees are reasonable in class actions include the following:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and the length of the professional relationship with the client; [and] (12) awards in similar cases.

*Camden*, 946 F.2d at 772 n.3 (paragraph returns and citations omitted).

15.    Based on the record before the Court, the Court hereby approves

7

Plaintiffs' application for attorneys' fees in the amount of $232,500.00.

16.     Lead Counsel prosecuted this case on a wholly contingent basis. Neither co-lead counsel nor any of the other firms who assisted in the prosecution of this case have received any compensation for their services in this action since it was initiated, and have expended significant resources on behalf of the Class.

17.     Lead Counsel faced substantial risks that they would not prevail in this action. Indeed, proving scienter and loss causation in securities fraud actions is particularly difficult. *See, e.g., Ressler*, 149 F.R.D. 651, 654 (M.D. Fla. 1992)) (noting that counsel "faced all the multi-faceted and complex legal questions endemic to §10(b) litigation, including proving scienter, materiality, causation, and damages"); *see also, In re MicroStrategy, Inc. Sec. Litig.*, 148 F. Supp. 2d 654, 666 (E.D. Va. 2001) ("For example, plaintiffs' burden of proving that the MicroStrategy Defendants acted with scienter would have been particularly heavy given that the MicroStrategy Defendants would likely have argued that they continually and reasonably relied on the advice of their outside auditor, defendant PwC, with regard to the accounting treatment accorded MicroStrategy's contracts."); *Goldsmith v. Technology Solutions Co.*, 1995 U.S. Dist. LEXIS 15093, at *11 (N.D. Ill. Oct. 10, 1995) (citing "the notoriously difficult requirement of proving that defendants acted with the requisite degree of scienter in issuing the alleged misstatements" (citation omitted)); *Dura Pharmaceuticals v. Broudo*, 125 S. Ct. 1627 (2005).

18.     Accordingly, it was evident at the inception and throughout the course

8

of this litigation that Lead Plaintiffs faced substantial factual, legal and practical obstacles to prevailing on their claims and to obtaining any payments for the Class in excess of the relief provided by the Settlement. Each of the factors related to the contingency risk faced by Lead Counsel that are highlighted in the Eleventh Circuit's decision in *Camden* therefore provides compelling support for the 30% fee requested by Lead Counsel.

19.    Lead Counsel in this case represent an array of highly experienced securities lawyers with extensive class action expertise. Courts have recognized the importance of providing incentives to experienced counsel who take complex litigation cases on a contingent fee basis, so that those cases can be prosecuted effectively. In assessing the quality of plaintiffs' counsel's representation, the Court should consider the quality of the opposition, as well as the standing of plaintiffs' counsel. *See Ressler*, 149 F.R.D. at 654; *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465, 488 (S.D.N.Y. 1998) ("The quality of opposing counsel is also significant in considering the quality of services rendered by plaintiffs' counsel, as measured by the result achieved."). Therefore, the expertise of Lead Counsel weighs in favor of the reasonableness of the fee Lead Counsel request.

20. .   The requested 30% fee is consistent with the fees awarded in other securities class actions in the Southern and Middle Districts of Florida since the percentage of fund approach was adopted by the Eleventh Circuit in *Camden. See, e.g., In re Hamilton Bancorp, Inc. Sec.* Litig., Case No. 01-0156-CIV-Martinez,

9

[DE#311 ] (awarding 30%); In re Singing Machine Sec. Litig., Case No. 03-80596-CIV-Zloch, [DE #85] (awarding 30%); In re Paradyne Networks, Inc. Sec. Litig., Case No. 8:00-CV-2057-T-17TBM [DE #74], (M.D. Fla. July 9, 2004) (awarding 30%); Sands Point Partners, L.P. v. Pediatrix Medical Group, Inc., 2002 U.S. Dist. LEXIS 25721 at *8 (S.D. Fla. May 3, 2002) (awarding 30%); In re: CHS Securities Litigation, Case No. 99-8186-CIV-GOLD (S.D. Fla. March 1, 2002); Shipping Financial Services Corp. v. Able Telcom Holding Corp., et al, Case No. 98-8633-CIV-Hurley (S.D. Fla. May 23, 2002) (awarding 30%); Holmes v. Baker et al. Sec. Litig., Case No. 99-2560-CIV-Moreno (awarding 30%); In re Phoenix, Int'l Ltd. Inc. Sec Litig., Case No. 99-1495-CIV-ORL-18C (awarding 30%); Bakalor v. Intergrated Communication Network, Inc., 96-2021-Civ-King (S.D. Fla. 1997) (awarding 33.3%); Lopez v. Checkers Drive-In Restaurants, Inc., 94-282-Civ-T-17C (M.D. Fla. 1996) (awarding 30%); Silver v. Sensormatic, 93-8619-Civ-Marcus (S.D. Fla. 1996) (awarding 33.3%); Minnick v. Pages, Inc., 95-277-Civ-T-21C (M.D. Fla. 1996) (awarding 30%); Kaser v. Swann, 90-607-Civ-ORL-3A18 (M.D. Fla. 1993) (awarding 30%); Tapken v. Brown, 90-0691-Civ-Marcus (S.D. Fla. 1995) (awarding 33%); In re: Perfumania, Inc. Sec. Litig., 92-1490-Civ-Marcus (S.D. Fla. 1993) (awarding 30%); and In re: Homeshopping Network Sec. Litig., 87-428-Civ-T-13(A) (M.D. Fla. 1991) (awarding 33.3%). Thus, the 30% fee requested by Lead Counsel falls well within the range of customary fees in comparable cases.

21.    Although this Circuit in Camden endorsed the award of attorneys fees

10

in a class action based on a percentage of the fund created for the benefit of the class, *Camden*, 946 F.2d at 774, a lodestar cross-check further supports the reasonableness of the fee requested. The declarations submitted in support of the Fee and Expense Application reflect that over 1,963 hours were reasonably expended in prosecuting this Action with a total lodestar of over $892,000. A 30% fee award represents a multiplier of 0.26, which is well below multipliers awarded in similar cases. Moreover, based on the number of hours expended, the fee request amounts to an hourly rate of under $120 per hour, which is well below the customary hourly rate in this community and certainly substantially lower than accepted rates within the area of securities litigation nationally.

22.     Finally, the reaction by Class Members to the fees requested by counsel also provides strong support for awarding the 30% fee requested by Lead Counsel. *See Camden*, 946 F. 2d at 775. To date, no class member has filed with the Court or served upon Lead Counsel any objections to the Settlement or to the fees and expenses requested by Lead Counsel. That is true although the Notice specifically advised Class members that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 30% of the Settlement Fund, as well as for reimbursement of expenses in the approximate amount of up to $75,000.00 incurred in prosecuting the Action.

23.     Lead Counsel also seek reimbursement of $41,039.35 in expenses and costs in prosecuting this action. The Notice informed Class Members that counsel

would seek reimbursement for their expenses, up to $75,000.00. Counsel who create a common fund are entitled to the reimbursement of expenses that they advanced to a class. *See, e.g., In re American Bank Note Holographics, Inc. Sec. Litig.*, 127 F. Supp. 2d 418, 430 (S.D.N.Y. 2001).

24.    The Court finds that Lead Plaintiffs request for reimbursement of expenses in the amount of $41,039.35 is fair and reasonable and approves same.

25.    Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Settlement Class, the Litigation and all claims contained therein, as well as all of the Released Claims are dismissed with prejudice as to the Lead Plaintiffs and the other Members of the Settlement Class, and as against the Released Persons. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

26.    Upon the Effective Date hereof, the Lead Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release.

27.    All Settlement Class Members are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Persons.

28.    Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and

12

forever released, relinquished and discharged each and all of the Settlement Class Members and Plaintiffs' Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

29. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (I) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants, or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants may file the Stipulation and/or the Judgment from this action in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

30. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; and (c) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

31.     The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

32.     In the event that the settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

33.     Claims by any person for contribution against any of the Defendants arising out of this Class Action are hereby barred in accordance with 15. U.S.C. §78u-4(f)(7).

34.     The Clerk's Office is directed to close this case and deny any pending motions as moot.

**DONE AND ORDERED** this May 14, 2007, in Chambers, at West Palm Beach, Florida.

LINNEA R. JOHNSON
UNITED STATES MAGISTRATE JUDGE

14

CC:   The Honorable Donald M. Middlebrooks
      All Counsel of Record